# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM MORNINGSTAR, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-167-GPM ) |
| JODY HATHAWAY and LISA MADIGAN, | ) ) ) ) |
| Respondents. | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Petitioner, currently incarcerated in the Shawnee Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. Specifically, he challenges the manner in which the Illinois Department of Corrections has computed his sentence. Petitioner seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. 2), and the Court finds that he is, in fact, indigent. According, leave to proceed *in forma pauperis* is **GRANTED**.

Before further proceedings are ordered, a few words about the named respondents are necessary. Petitioner names as a respondent not only the warden of his prison but also Lisa Madigan, the Attorney General of Illinois. This practice is quite common among *pro se* litigants in this District, but the only proper respondent in a collateral attack is Petitioner's custodian. As stated clearly by the Seventh Circuit,

> The Attorney General of [Illinois] is the state's lawyer, not the prisoner's custodian.
> If the petitioner is in prison, the warden is the right respondent. If the petitioner is

on parole, the parole board or equivalent should be named. *A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody.*

*Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (emphasis added). *See also Cruz v. Warden of Dwight Correctional Center,* 907 F.2d 665, 665 n. 1 (7th Cir. 1990); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. Because Petitioner is incarcerated, the only proper respondent is Warden Hathaway. Attorney General Madigan is **DISMISSED** as a party and should not appear as a litigant in any future § 2254 case except under the conditions specified in Rule 2(b).

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

DATED: 5/7/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge