# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM MORNINGSTAR, | ) |
| Petitioner, | ) |
| vs. | ) CIVIL NO. 08-167-GPM |
| JODY HATHAWAY, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

In his petition for a writ of habeas corpus brought under 28 U.S.C. §2254, William Morningstar challenges the constitutionality of his state custody. Morningstar claims that corrections authorities miscalculated the length of his state prison term, which includes a statutory term of mandatory supervised release. Respondent, Jody Hathaway, filed a response on July 18, 2008 (Doc. 17). A reply brief, due by August 4, 2008, has not been filed.

The material facts are not in dispute. When he filed this action, Morningstar was in the custody of the Illinois Department of Corrections. He was serving a 4-year term of imprisonment imposed by the Circuit Court of Hancock County, Illinois, on Case No. 04-CF-0118, as well as a term of mandatory supervised release – also called parole. Morningstar began serving his prison sentence on August 1, 2004. At some point, state correctional authorities released Morningstar from confinement; he then started his mandatory supervised release term. Within a few months, state authorities took Morningstar back into custody. He served the remainder of his sentence at Shawnee Correctional Center. Respondent Jody Hathaway is the warden of that facility.

On June 10, 2008, Morningstar's prison and supervised release terms expired. The state

authorities released him on that date.

Respondent argues that Morningstar's habeas petition is now moot. When a prisoner is released from confinement, any challenge to the length of his sentence becomes moot unless there are collateral consequences that may be redressed in the habeas corpus proceeding. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Because Morningstar is challenging the state's calculation of his prison term, he bears the burden of proving that such collateral consequences exist. *Id.*, 523 U.S. at 8, 12.

In support of his position, Respondent submits an electronic record maintained by the Illinois Department of Corrections. This document shows that Morningstar was discharged from his supervised release/parole term on June 10, 2008. Respondent also submits the affidavit of a records supervisor for Shawnee Correctional Center. The affidavit shows that Morningstar's term of incarceration expired on the same date, without restrictions on the terms of release. Morningstar offers no materials or argument in support of a finding of continuing collateral circumstances.[1]

The materials submitted support only one rational conclusion: Morningstar's sentence is complete without collateral consequences. His habeas petition is now moot.

The petition for writ of habeas corpus (Doc. 1) is **DENIED as moot**. This action is **DISMISSED on the merits**, and the Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 08/12/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge

---

[1] The materials filed by Respondent show that Morningstar is required to comply with a sex offender registration statute. Because Morningstar does not challenge his conviction, the registration requirement is not a collateral consequence that may be redressed in this habeas proceeding.